UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SADDY FAMILY, LLC, : | |
| : | |
| Plaintiff, : | Civil Action No. 13-7051 (JAP) |
| : | |
| v. : | |
| : | |
| WADE LOUD AND LAMARCHE, : | |
| ASSOCIATES INC., et al. : | **OPINION** |
| Defendant. : | |

PISANO, District Judge

This case arises from a dispute over insurance claims for damage resulting from Superstorm Sandy to two commercial premises owned by plaintiff, Saddy Family, LLC ("Plaintiff"). Presently before the Court is Plaintiff's motion to remand the matter to the Superior Court of New Jersey.[1] The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, Plaintiff's motion is granted, and this matter shall be remanded to state court.

**I. BACKGROUND**

According to the complaint,[2] Plaintiff owns two commercial buildings in Seaside Heights, New Jersey, that were insured, at the relevant time, by defendants Underwriters at Lloyd's London ("Underwriters"). These properties sustained damage from wind and

---

[1] Although there are several motions pending in this matter, the Court addresses this motion at the outset because it requires a threshold determination of the Court's jurisdiction.
[2] The facts in this section are derived from the complaint unless otherwise specified and do not represent factual findings of the Court.

flooding during Superstorm Sandy.  As a result of this damage as well as the limits on accessibility imposed by Seaside Heights after the storm, Plaintiff alleges it also suffered a loss of business income.  Plaintiff submitted various claims to Underwriters for these Sandy-related damages, but was paid only a portion of the claimed damages.  Defendants have declined coverage for the entirety of the loss and damage claimed by Plaintiff.

On October 4, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Ocean County, asserting various claims based upon benefits it alleges it was wrongfully denied under the relevant policies of insurance.  The complaint contains six counts, which are titled as "Count One, Breach of Contract"; "Count Two, Tortious Breach of Contract"; "Count Three, Bad Faith"; "Count Four, Consumer Fraud"; "Count Five, Course of Conduct"; and "Count Six, Quaker Special Risk."  Named as defendants in the suit are: Underwriters, Quaker Special Risk ("Quaker"), Wade Laud, Lamarche Associates Inc., Insurance of Lloyd's Underwriters' Non-Marine Association, Lloyd's Market Association, and Lloyd's Market Association (Non-Marine).

Defendants have removed this matter to district court, alleging the existence of diversity jurisdiction. Plaintiff has moved to remand this action, arguing that this Court lacks subject matter jurisdiction because there is not complete diversity.  There is a single non-diverse defendant, namely, Quaker.  Both Plaintiff and Quaker are citizens of New Jersey.  In response to Plaintiff's motion, Defendants allege that Quaker has been fraudulently joined in this action and, therefore, they contend that the Court should ignore Quaker for the purposes of diversity jurisdiction and exercise subject matter jurisdiction over this case.

## II.  ANALYSIS

Pursuant to the federal removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court." 28 U.S.C. § 1441(a).  In this case, no federal question is alleged, and therefore, jurisdiction turns on the diversity of citizenship provisions of 28 U.S.C. § 1332.  Federal district courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). "For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant."  *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

Fraudulent joinder is an exception to the complete diversity requirement, whereby a diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, 448 F.3d at 215–16.  The joinder of a party is considered fraudulent when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[.]" *Id.* at 217.

The removing defendant bears a "substantial burden" in establishing that the joinder was fraudulent. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Any uncertainty regarding the relevant substantive law or facts must be resolved in favor of the plaintiff, *id.*, as "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

Importantly, fraudulent joinder is not meant to substitute for a merits analysis. *See Briscoe*, 448 F.3d at 219 ("courts must be careful not step from the threshold jurisdictional issue into a decision on the merits"). A mere failure by the plaintiff to state a claim does not direct a finding of fraudulent joinder; rather, fraudulent joinder lies only where the plaintiff's claim is so "wholly insubstantial and frivolous" that it can be disregarded for the purposes of diversity jurisdiction. *Batoff*, 977 F.2d at 851. Thus, it is possible that a court may find a defendant has not been fraudulently joined even thought the action may later be dismissed against that defendant for failure to state a claim.

The complaint here alleges that Quaker is "a named correspondent" in the insurance policies at issue. Compl. ¶ 7. It states that Plaintiff engaged Quaker "to obtain insurance policies adequate to insure the losses against which plaintiff desired insurance and to obtain insurance with a company that would not deprive [the] insured of the benefit of its contract." *Id.* ¶ 76. It further alleges, and exhibits to the complaint appear to show, that in response to Plaintiff's claims under the insurance policies, Quaker issued the payment for certain of the claimed loss. *Id.* ¶ 41. Plaintiff claims that Quaker has conspired with the other defendants deprive Plaintiff of its contractual benefits and is "guilty" of breach of contract, tortious breach of contract, bad faith, violation of the Consumer Fraud Act, and otherwise engaging in a general business practice in concert with the other defendants of not properly handling claims. *Id.* ¶ 77.

Defendants advance several arguments in support of their claim of fraudulent joinder. They allege that Plaintiff has failed to state a cognizable claim against Quaker for breach of contract because Quaker is not a party to the insurance contract but rather an agent of the insurer. They point to language in the policies stating that the policy was "issued in

accordance with the limited authorization granted to the Correspondent [Quaker] by Certain Underwriters at Lloyd's, London" and further that "[t]he Correspondent is not an insurer hereunder and neither is nor shall be liable for any loss or claim whatsoever." Def. Br. at 5. Thus, according to Defendants, Quaker has no liability for Plaintiff's losses, and it cannot be liable under a conspiracy theory. Further, Defendants contend that Plaintiff has failed to allege a cognizable claim under the Consumer Fraud Act because it has not pled that claim against Quaker with the requisite specificity.

While Defendants may ultimately succeed if they advance their arguments in the context of, for example, a motion to dismiss, the standard with respect to the instant motion is not whether Plaintiff's claims will be successful, but whether the claims are so "wholly insubstantial and frivolous" that there is "no possibility that New Jersey law would recognize any of the claims asserted." *Batoff*, 977 F.2d at 852. Here, Plaintiff alleges that it engaged Quaker to obtain the insurance policies in question to cover certain risks, that Quaker was the named correspondent in the policies, that payments were not made in accordance with the policies, and that the payments that were issued (by Quaker) did not compensate Plaintiff for all of the allegedly covered losses Plaintiff suffered. Further, in many of the allegations the complaint refers only to "defendants" generally, which, for the purposes of this motion, the Court must construe to include Quaker, and thus the Court cannot conclude (as argued by Defendants) that there are no allegations that Quaker had any role in the investigation and/or adjustment of Plaintiff's claims. The nature and degree of Quaker's factual involvement weigh against a finding that Quaker was joined in this action merely to defeat diversity jurisdiction or to prevent removal.

Furthermore, as one decision in this district has noted, "[f]raudulent joinder is about frivolousness." *Pinnacle Choice, Inc. v. Silverstein*, 2008 WL 2003759 *7 (D.N.J. 2008). Based on the allegations pleaded, the documentation attached to the complaint, and the documentation submitted in conjunction with this motion (showing, for example Quaker being copied on all communications to Plaintiff's counsel from Underwriters' counsel regarding the insurance claims), and given the applicable standards requiring all questions of law and fact to be resolved in favor of Plaintiff, the Court concludes that Defendants have not shown that the claims here are so "wholly insubstantial and frivolous" that the Court may exercise diversity jurisdiction here. Indeed, Defendants' arguments turn on questions -- e.g., whether and to what extent Quaker acted as an agent for another party, and the nature of that agency relationship -- that bear too closely on a merits determination, which is not appropriate as part of the fraudulent joinder analysis. "[A] finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility." *West v. Marriott Hotel Servs., Inc.*, No. 10–4130, 2010 WL 4343540, *3 (E.D. Pa. Nov. 2, 2010). Defendants here have simply not established that this is such a situation. As such, Plaintiff's motion for remand is granted.

### III.  CONCLUSION

Finding no fraudulent joinder, Plaintiff's motion to remand is granted, and this matter shall be remanded to the Superior Court of New Jersey. Law Division, Ocean County. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.